UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 16-21218 (JJT) |
| DONALD D. SAGARINO, Debtor | : | CHAPTER 7 |
| _____ | : | |
| THOMAS C. BOSCARINO, TRUSTEE | : | ADV. PROC. NO.: 17-2026 (JJT) |
|   Plaintiff | : | |
| v. | : | |
| JOHNSON & WALES UNIVERSITY, | : | |
|   Defendant | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**THE DEFENDANT'S MOTION TO DISMISS**

Pursuant to D. Conn. LBR 1001-1 and D. Conn. L. Civ. R. 7(a) 1., the Plaintiff hereby respectfully submits this Memorandum In Opposition To The Defendant's Motion to Dismiss (ECF #6). The Defendant's Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss (ECF #7) present an issue of apparent first impression in this District, which issue is the degree of evidentiary detail in support of the element of insolvency or the alternative financial conditions necessary to a plaintiff's proof which must appear in the text of a complaint alleging constructive fraudulent transfer. The Plaintiff opposes the Defendant's Motion, but the Plaintiff possesses evidence to permit him to satisfy the heightened standard of pleading which is urged upon this Court by the Defendant, should this Court elect to adopt it. The Plaintiff respectfully requests leave to amend his complaint in that event.

## ARGUMENT

The Defendant contends that an allegation of insolvency or the alternative financial conditions necessary to proof in a complaint alleging constructive fraudulent transfer which does not also provide supporting factual detail in the nature of an offer of proof is legally insufficient to the pleading of that element of constructive fraudulent transfer, and therefore, fatal to a complaint. United States Bankruptcy Courts are not uniform upon the issue. As the Defendant correctly argues, some courts have required that the complaint present alleged facts in the text which, if proven, will establish this element, in the character of a comprehensive offer of proof. Other courts have declined to focus distinctly upon text specific to every element of proof which is necessary to a successful constructive fraudulent transfer action, and have instead broadly assessed the legal sufficiency of a complaint, according to the "fair notice" standard of Fed. R. Civ. P. 8 and whether the complaint contains "enough factual matter (taken as true)" to "raise the right to relief above the speculative level", consistent with "judicial experience and common sense", *In re Saba Enterprises, Inc.*, 421 B.R. 626, 639, (2009) (Bankr.S.D.N.Y.), citing *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662, 129 S.Ct 1937, 1955 (2009), respectively. Two Courts have held the allegation of insolvency alone to be itself "a factual assertion rather than a 'bare recital'". *In re Alpha Protective Services, Inc.*, 531 B.R. 889, 902 (Bankr. M.D. Georgia, Valdosta Div. May 26,2015); *In re Medici*, 524 B.R. 902, 907 (Bankr. N.D. Georgia, Atlanta Div. Dec. 31, 2014). Quoting United States Magistrate Judge Cheryl L. Pollack of the Eastern District of New York, case law upon this issue is "admittedly not consistent". *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849 ENV CLP, 2013 WL 6795963, at *6 (E.D.N.Y. Dec. 23, 2013).

The Plaintiff has found no authority in the District of Connecticut on point, nor upon any question sufficiently similar to be of probable value to this Court in reaching a conclusion in this case. The Defendant presents no authority from this District, so presumably it also knows of none. The Defendant cites several memoranda of decision from other Districts which support its general contention. One of the memoranda cited by the Defendant arises in the context of preference, not constructive fraudulent transfer, *Gavin Solmonese, LLCv. Shyamsundar (In re Amcad Holdings, LLC)*, 2017 WL 1316922, at *5 (Bankr. D. Del. Apr. 7, 2017), but the pleading issue is analogous.

There is also substantial contrary authority. The United States Bankruptcy Court of the Southern District of New York and others have been unwilling to require that a complaint alleging constructive fraudulent transfer present an outline of evidence in support of each element of required proof, applying instead a broad "plausibility" standard derived from *Iqbal* and *Twombly* coupled with the general "fair notice" requirement of Fed. R. Civ. P. 8, which all Courts agree is the Federal Rule of Civil Procedure pertinent to a constructive fraudulent transfer action. *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849 ENV CLP, 2013 WL 6795963, at *5, *6, *7, *8, *9 (E.D.N.Y Dec. 23, 2013); *In re Tronox, Inc.*, 429 B.R. 73, 89-90, 96 (2010) (Bankr. S.D.N.Y. `Mar. 31, 2010); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 735 (2008) (Bankr. S.D.N.Y. Oct. 10, 2008); *In re Bernard L. Madoff Securities, LLC*, 458 B.R. 87, 113 (2011) (Bankr. S.D.N.Y. Sept. 22, 2011); *In re Saba Enterprises, Inc.*, 421 B.R. 626, 646-647 (2009) (Bankr. S.D.N.Y. Sept. 18, 2009); *Development Specialists, Inc. v. Dechert, LLP*, 2013 WL 4573733, at *5 -*6 (S.D.N.Y. Aug. 22, 2013); *In re Plassein Intern. Corp.*, 352 B.R. 36, 40-41 (Bankr. Del. Sept. 29, 2006), citing *Tese-Milner v TPAC, LLC ( In re Ticketplanet.com.)*, 313 B.R. 46, 68 (Bankr. S.D.N.Y. 2004 ("While there is authority to the contrary, the better and majority

rule is that a claim for constructive fraud…need not be pleaded with particularity…); *In re Alpha Protective Services, Inc.*, 531 B.R. 889, 902 (Bankr. M.D. Georgia May 26, 2015) ; *In re Medici*, 524 B.R. 902, 907 (Bankr. N.D. Georgia Dec. 31, 2014). The Complaint here alleges each separate transfer by date and by amount, which particularity is far greater than more general presentations regarding transfers which have been found legally sufficient, and which particularity must enhance the overall "plausibility" of the Complaint. *In re M. Fabricant*, supra, at 735-36; *In re Saba Enterprises, Inc.*, supra, at 646-647.

## CONCLUSION

There is a split of authority upon the question of the degree of factual specificity necessary for a complaint alleging constructive fraudulent transfer to be legally sufficient. Some courts have required that the plaintiff recite facts in the text which will if proven establish insolvency or an alternate financial test satisfying this element of proof. Other courts have applied a general "plausibility" standard to assessment of such a complaint taken as a whole, within the context of Fed. R. Civ. P. 8. In the event this Court adopts the stringent pleading standard urged by the Defendant, and finds the complaint to be legally insufficient, the Plaintiff respectfully requests dismissal with leave to amend.

Dated at Glastonbury, Connecticut this 22th day of June, 2017.

Respectfully Submitted,
Thomas C. Boscarino, Trustee

John H. Grasso / Fed. Bar No. ct03651
Boscarino, Grasso & Twachtman, LLP
628 Hebron Avenue, Bldg 2, Suite 301
Glastonbury, CT 06033
Tel: (860) 659-5657
Fax (860) 657-4549
jgrasso@bgtlaw.com