UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | | |
|---|---|---|---|
| In re: | : | CASE No. | 16-21218 (JJT) |
| | : | | |
| DONALD D. SAGARINO, | : | CHAPTER | 7 |
| DEBTOR. | : | | |
| | : | | |
| THOMAS C. BOSCARINO, TRUSTEE, | : | ADV. PRO. No. | 17-02026 (JJT) |
| PLAINTIFF | : | | |
| v. | : | | |
| | : | RE: ECF Nos. | 6, 7, 9 |
| JONHSON & WALES UNIVERSITY, | : | | |
| DEFENDANT. | : | | |

## APPEARANCES

Thomas C. Boscarino, Esq.                                          Chapter 7 Trustee
628 Hebron Avenue, Bldg 2, Suite 301
Glastonbury, CT 06033

Irve J. Goldman, Esq.                                          Attorney for the Defendant
Pullman & Comley LLC
850 Main Street, 8th Floor
Bridgeport, CT 06604

## RULING AND MEMORANDUM OF DECISION
## ON DEFENDANT'S MOTION TO DISMISS

*Introduction*

Before the Court is Johnson & Wales University's (the "Defendant") Motion to Dismiss (ECF No. 7) and the Chapter 7 Trustee's Memorandum in Opposition to the Defendant's Motion to Dismiss ("Opposition Motion", ECF No. 9). For the reasons that follow, the Motion to Dismiss is hereby GRANTED.

*Facts*

On July 29, 2016, Donald D. Sagarino (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 2, 2017, the Trustee initiated this adversary proceeding seeking to avoid certain payments allegedly made by the Debtor to pay tuition and education expenses for his minor daughter Jenna Sagarino to attend Johnson & Wales University. The First Count of the Complaint seeks to avoid and recover, as fraudulent transfers, $19,545.16 pursuant to Sections 548(a)(1)(B)[1], 550 and 551 of the Bankruptcy Code. The Second Count similarly seeks to avoid and recover transfers in the amount of $27,028.16 pursuant to the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§52-522e(a)(2) and/or 52-522f(a).

On June 5, 2017, the Defendant filed the instant Motion to Dismiss, arguing that the Trustee, by merely tracking the statutory language of the element of insolvency in the Complaint and neglecting to allege any supporting facts, failed to state a claim upon which relief can be granted. The Defendant posits that even under the more liberal pleading standards of Fed. R. Civ. P. 8(a), the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) clearly determined that a pleading that offers nothing more than a recitation of the elements of a cause action cannot withstand a motion to dismiss.[2]

On June 26, 2017, the Trustee filed the Opposition Motion urging this Court to apply a "broad plausibility" standard as some other courts have done in the context of constructive fraudulent transfer actions. The Trustee further argues that because the Complaint here alleges each transfer by date and amount, surpassing the general allegations contained in complaints other courts have found legally sufficient, the plausibility of the complaint "as a whole" passes muster under the applicable standard.

---

[1] Unless otherwise indicated, sectional references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.
[2] Def. Mot. at 3.

At a hearing on July 20, 2017, both parties were heard by the Court and delivered oral argument. At the conclusion of the hearing, the Court took the matter under advisement.

*Jurisdiction*

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1).  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(H).

*Law*

Rule 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In analyzing the pleading requirements of Rule 8(a)(2), the Supreme Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. A pleading that offers, "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Instead, a plaintiff must provide enough factual support that, if true, would "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Supreme Court has instructed courts to employ a two-step analysis in evaluating the sufficiency of a complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679). First, the court must "identify[ ] pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Thus, the court should accept as true any well-pleaded factual allegations, but reject legal conclusions unsupported by facts. Next, the court should "determine whether [the well-pleaded factual allegations] plausibly give rise to an entitlement to relief." *Id.*

A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

*Discussion*

Under Section 548(a)(1)(B) of the Bankruptcy Code, a plaintiff must allege that within two years of the petition date, the Debtor transferred an interest in property and:

> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured

11 U.S.C. § 548(a)(1). The Complaint here also seeks to avoid transfers under Section 544(b)(1) pursuant to the Connecticut Uniform Fraudulent Transfer Act.[3] The Trustee cites authorities which he contends decline to focus upon facts specific to every element of proof necessary to a successful fraudulent transfer action, and instead broadly assess the legal sufficiency of a complaint according to the fair notice standard of Rule 8. While courts have generally agreed

---

[3] The elements of an avoidable transfer under the Connecticut Uniform Fraudulent Transfer Act ("CUFTA") do not substantially vary from the elements set forth in Section 548(a)(1)(B), and similarly allow a debtor's creditors to recover property when it is transferred by the debtor without receiving reasonably equivalent value if the debtor is insolvent or becomes insolvent as a result of the transfer.

4

that a claim for constructive fraud need only be pleaded according to the more lenient requirement of Rule 8, as opposed to the heightened particularity required by Rule 9(a)[4], the application of Rule 8 is nevertheless subject to the standard outlined in *Twombly* and *Iqbal* which conclusively determined that a complaint must provide *facts*—distinct from legal conclusions and labels—that give rise to a plausible entitlement to relief. *See Iqbal*, 556 U.S. at 678. While a complaint must surely include the language of the statutory elements of a cause of action, the pleading falls short of the requirement of Rule 8(a) when it is bereft of any facts supporting those elements. *See Id*. at 679 ("But where the well-pleaded *facts* do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show [n]"— "that the pleader is entitled to relief.") (emphasis added) (citing Fed. R. Civ. P. 8(a)(2)).

Beginning our analysis here with the first *Iqbal* prong, the Court has reviewed the Complaint for allegations that are conclusory and thus are not entitled to the assumption of truth. In this case, the parties dispute only the adequacy of insolvency as pleaded. The Complaint alleges, "During the entire period from August, 2014 through May, 2016, the Debtor was insolvent or became insolvent in consequence of the transfers described following; and/or was engaged in or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or intended to incur, or then believed that he would incur, debts that would be beyond his ability to pay as such debts matured."[5] These bare assertions "amount to nothing more than a formulaic recitation of the element" of insolvency. *Iqbal*, 129 S. Ct. at 1951. Setting these allegations aside, a reading of the remainder of the Complaint readily reveals that the Trustee failed to plead any subordinate facts showing

---

[4] When a plaintiff alleges actual fraud, Rule 9(a) requires that plaintiff "must state with particularity the circumstances constituting fraud or mistake." Most courts conclude, however, that Rule 9(b) is inapplicable to pleading constructively fraudulent transfers under § 548(a)(1)(B) because intent or deceit is not an element of constructive fraud. *See Picard v. Cohmad Securities Corp*. (*In re Bernard L. Madoff Inv. Secs. LLC*), No. 09–1305, 2011 WL 3274077, at *10 (Bankr. S.D.N.Y. Aug. 1, 2011).

[5] Compl. at 2.

5

that the Defendant was insolvent under any of the financial tests under Section 548(a)(1)(B) or CUFTA.[6] As the Trustee has alleged no facts supporting the element of insolvency, he cannot show that avoidance of the transfers under a theory of constructive fraud is plausible.

*Conclusion*

Accordingly, the Defendant's Motion to Dismiss is GRANTED. The Trustee has requested leave to amend in the event of dismissal. Generally, leave to amend should be freely granted when justice so requires, unless it would be futile. *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). However, the determination lies entirely within the court's discretion. *John Hancock Mut. Life Ins. Co. v. Amerford Intern. Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). In this instance, the state of the law and fundamental fairness militate in favor of an opportunity to amend. Therefore, the Court grants permission to the Trustee to amend the Complaint within thirty (30) days of this Ruling and Order.

IT IS SO ORDERED at Hartford, Connecticut this 29th day of August 2017.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[6] Under the Bankruptcy Code, insolvency is determined by the "balance sheet test" under which the debtor is insolvent if its assets exceeded its liabilities at the time of the transfer. *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d Cir. 2006) (citing 11 U.S.C. § 101(32)(A)), *cert. denied*, 549 U.S. 1113, 127 S. Ct. 961, 166 L. Ed. 2d 706 (2007). CUFTA also recognizes the sufficiency of balance sheet insolvency. *See* 5 Collier on Bankruptcy ¶ 548.01[2][a], p. 548-15 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).